Thomas R. Barton, USB #6827
Scott DuBois, USB #7510
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
tbarton@parsonsbehle.com
sdubois@parsonsbehle.com
ecf@parsonsbehle.com

Thomas J. McCormack, admitted *pro hac vice*
**NORTON ROSE FULBRIGHT**
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: 212.408.5182
thomas.mccormack@nortonrosefulbright.com

Robin Ball, admitted *pro hac vice*
**NORTON ROSE FULBRIGHT**
555 South Flower St., #4100
Los Angeles, CA 90071
Telephone: 213.892.9366
robin.ball@nortonrosefulbright.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIC BANK CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>BLACKVILLE SOLAR II, LLC, RICHARDSON SOLAR, LLC, DIAMOND SOLAR, LLC, EDISON SOLAR, LLC, and C2 USB 2018 HOLDINGS, LLC,<br><br>    Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00140-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Blackville Solar II, LLC ("**Blackville**"), Richardson Solar, LLC ("**Richardson**"), Diamond Solar, LLC ("**Diamond**"), Edison Solar, LLC ("**Edison**") and C2 USB 2018 Holdings, LLC ("**Holdco**") (collectively "**Defendants**"), submit this Answer to the Second Amended Complaint of Plaintiff Celtic Bank Corporation ("**Celtic**").

## FIRST DEFENSE

Celtic's Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

With respect to the numbered paragraphs of the Second Amended Complaint, Defendants respond as follows:

1.    Defendants lack knowledge sufficient to admit or deny the allegations contained in Paragraph 1, and therefore deny them.

2.    Defendants deny the allegations of Paragraph 2, except to admit that C2 USB 2018 Holdings, LLC is a Delaware limited liability company.

3.    Defendants deny the allegations of Paragraph 3, except to admit that Blackville Solar II, LLC is a North Carolina limited liability company.

4.    Defendants deny the allegations of Paragraph 4, except to admit that Richardson Solar, LLC is a North Carolina limited liability company.

5.    Defendants deny the allegations of Paragraph 5, except to admit that Diamond Solar, LLC is a South Carolina limited liability company.

6.    Defendants deny the allegations of Paragraph 6, except to admit that Edison Solar, LLC is a South Carolina limited liability company.

7.    Paragraph 7 contains no allegations of fact to which a response is required.

1

8.      Paragraph 8 contains no allegations of fact to which a response is required.

9.      The first sentence of Paragraph 9 states a legal conclusion as to which no response is required. To the extent a response is required, deny.

a.      Paragraph 9.a states a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit that none of the Defendants are domiciled in Utah, but deny the remaining allegations of Paragraph 9.1.

i.      Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 9.a.i, and therefore deny them.

ii.      Paragraph 9.a.ii states a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit that none of the Defendants are domiciled in Utah, but deny the remaining allegations of Paragraph 9.1.a.ii.

iii.      Paragraph 9.a.iii states a legal conclusion as to which no response is required. To the extent a response is required, Defendants admit that none of the Defendants are domiciled Utah, but lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 9.a.iii, and therefore deny them.

iv.      Defendants admit the allegations of Paragraph 9.a.iv.

v.      Defendants lack information sufficient to admit or deny the allegations of Paragraph 9.a.v., and therefore deny them, except to admit that Firstar Development, LLC and C2 USB 2018 Sponsor LLC are members of Holdco, and that C2 USB 2018 Sponsor LLC is a Delaware limited liability company.  Defendants deny that Paragraph 9.a.v. fully or accurately describes the membership interests of Firstar Development, LLC and C2 USB 2018 Sponsor LLC in Holdco.

2

vi.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 9.a.vi, and therefore deny them.

vii.    Defendants admit the allegations of Paragraph 9.a.vii.

viii.   Defendants lack sufficient information to admit or deny the allegations of Paragraph 9.a.viii, and therefore deny them, except to admit that TC Energy Investments, Inc. and C2 Taiyo GP, LLC are the partners of C2 Taiyo Fund I, LP, and that C2 Taiyo GP, LLC, is a Delaware limited liability company.

ix.     Defendants deny the allegations of Paragraph 9.a.ix, except to admit that 9-14 Ventures, LLC, a Delaware limited liability company, is a member of C2 Taiyo GP, LLC.

x.      Defendants admit the allegations of Paragraph 9.a.x, except to deny that Candice Michalowicz resides in the State of New York.

b.      Defendants admit the allegations of Paragraph 9.b.

10.     Defendants admit the allegations of the first sentence of Paragraph 10. Defendants deny the allegations of the second sentence of Paragraph 10. As to the third sentence of Paragraph 10, Defendants admit that Paragraph 10 purports to cite the pertinent loan agreements, admit that the loan agreements speak for themselves, and deny that Paragraph 10 contains a full and accurate statement of the contents thereof.

11.     Paragraph 11 states a legal conclusion as to which no response is required. To the extent a response is required, deny.

12. With respect to Paragraph 12, Defendants admit that each of the Borrower Defendants owns and operates a solar project, where photovoltaic panels are used to transform the sun's radiation into electricity. Defendants deny any remaining allegations of this paragraph.

13. With respect to Paragraph 13, Defendants admit that solar projects employ photovoltaic panels to transform the sun's radiation into usable electricity, and further admit that Paragraph 13 describes in part portions of a solar project. Defendants deny any remaining allegations of this paragraph.

14. With respect to Paragraph 14, Defendants admit that Paragraph 14 describes in part portions of a solar project. Defendants deny any remaining allegations of this paragraph.

15. With respect to Paragraph 15, Defendants admit that each of the Borrower Defendants owns and operates a solar project on leased property at locations described in the pertinent Mortgage for each Borrower Defendant and that each location is in South Carolina. Defendants deny any remaining allegations of this paragraph.

16. Defendants admit the allegations of Paragraph 16.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19, except to admit that Firstar Development, LLC, made an investment in Holdco whose terms are governed by the pertinent agreements, including terms related to applicable tax benefits, but further deny that Paragraph 19 contains a full and accurate statement of the terms thereof.

20. Paragraph 20 is a statement of law as to which no response is required. To the extent a response is required, deny.

21.     Defendants admit the allegations of Paragraph 21.

22.     Defendants deny the allegations of Paragraph 22.

23.     Defendants deny the allegations of Paragraph 23, except to admit that C2 USB 2018 Sponsor, LLC is Manager of Holdco, and that it is a member of Holdco, but further deny that Paragraph 23 contains a full and accurate description C2 USB 2018 Sponsor, LLC's membership interest in Holdco.

24.     Defendants admit the allegations of Paragraph 24.

25.     Paragraph 25 contains conclusions of law as to which no response is required; to the extent a response is required, Defendants deny that Paragraph 25 contains a full or accurate description of circumstances and occurrences potentially causing a recapture event.

26.     Defendants admit that it is standard practice for a secured lender to execute a forbearance agreement in favor of the tax equity investor, but deny any remaining allegations of Paragraph 26.

27.     Paragraph 27 consists of two incomplete sentence fragments and to which no response is required.  It appears to contain a conclusion of law to which no response is required. To the extent a response is required, denied, except to admit that recapture events may result in significant adverse federal income tax liability for a tax equity investor.

28.     Defendants deny the allegations of Paragraph 28.

29.     For purposes of this litigation, Defendants do not dispute the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30 except to admit that as to each of the four Projects Celtic Bank executed a forbearance agreement which imposes certain restrictions

on Celtic Bank, admit that Paragraph 30 purports to cite those forbearance agreements, and admit that the forbearance agreements speak for themselves, but deny that Paragraph 30 contains a full and accurate statement of the contents thereof.

31.     Defendants deny the allegations of Paragraph 31 except to admit that as to each of the four Projects Celtic Bank executed a forbearance agreement which imposes certain restrictions on Celtic Bank, admit that Paragraph 31 purports to cite those forbearance agreements, admit that Celtic Bank is contractually barred under the forbearance agreements from, *inter alia,* taking the steps described in Paragraph 31, admit that the forbearance agreements speak for themselves, but deny that Paragraph 31 contains a full and accurate statement of the contents thereof.

32.     Defendants deny the allegations of Paragraphs 32.a through 32.c. For purposes of this litigation, Defendants do not dispute the allegations in Paragraph 32.d.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants admit the allegations of Paragraph 34.

35.     Defendants deny the allegations of Paragraph 35 except to admit that Blackville entered into a *Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Financing Statement* dated June 5, 2018, and entered into a *First Amendment to Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Financing Statement,* dated June 6, 2018, and that these agreements speak for themselves, but  further deny the Paragraph 35 contains a full and accurate statement of the contents thereof.

36.     Defendants admit that Paragraph 36 purports to cite the "Blackville Mortgage", admit that those agreements speak for themselves, but deny that Paragraph 36 contains a full and accurate statement of the contents thereof.

6

37.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 37, and therefore deny them.

38.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 38, and therefore deny them.

39.     Defendants admit that Blackville and Celtic Bank entered into an Amended and Restated Loan Agreement dated November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 39 contains a full and accurate statement of the contents thereof.

40.     Defendants admit that Blackville executed an Amended and Restated Promissory Note dated November 29, 2019, admit that document speaks for itself, but deny that Paragraph 40 contains a full and accurate statement of the contents thereof.

41.     Defendants deny the allegations of Paragraph 41.

42.     Defendants admit that Paragraph 42 purports to cite the Blackville Security Agreement, admit that agreement speaks for itself, but  deny that Paragraph 42 contains a full and accurate statement of the contents thereof.

43.     Defendants admit that Holdco executed the Second Amended and Restated Pledge of Membership Interest, dated as of November 29, 2019, admit that document speaks for itself, but deny that Paragraph 43 contains a full and accurate statement of the contents thereof.

44.     Defendants admit that Blackville, Holdco, Celtic Bank and Firstar Development, LLC entered into the Amended and Restated Forbearance Agreement dated November 29, 2019, admit that agreement speaks for itself, but that Paragraph 44 contains a full and accurate statement of the contents thereof, and further deny that Paragraph 44 contains a full and accurate description of Firstar Development, LLC's interest in Holdco.

45.     Defendants admit that Celtic is a party to the Blackville Forbearance, that Celtic made certain covenants and is subject to certain limitations under that agreement, and that the agreement speaks for itself, but deny that Paragraph 45 contains a full and accurate statement of the contents of that agreement.

46.     Paragraph 46 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 46, and therefore deny them.

47.     Paragraph 47 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 47, and therefore deny them.

48.     Paragraph 48 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 48, and therefore deny them.

49.     Paragraph 49 contains a legal conclusion to which no response is required; to the extent a response is required, deny.

50.     Defendants admit that Paragraph 50 purports to cite to the Blackville Security Agreement, admit that agreement speaks for itself, but deny that Paragraph 50 contains a full and accurate statement of the contents thereof.

51.     Defendants admit that Holdco executed a Guaranty Agreement dated as of November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 51 contains a full and accurate statement of the contents thereof.

52. Defendants admit that Paragraph 52 purports to cite to the Blackville Guaranty, admit that agreement speaks for itself, but deny that Paragraph 52 contains a full and accurate statement of the contents thereof.

53. Paragraph 53 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 53, and therefore deny them.

54. Defendants admit that to the best of their knowledge, the unpaid principal on the Blackville Note as of the date alleged was $16,494,496.69. Defendants lack information sufficient to admit or deny the remaining allegations of Paragraph 54, and therefore deny them.

55. Defendants admit that Paragraph 55 purports to cite the Blackville Note, admit that document speaks for itself, but deny that Paragraph 55 contains a full and accurate statement of the contents thereof.

56. Defendants lack sufficient information to admit or deny the allegations of Paragraph 56, and therefore deny them.

57. Defendants admit the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58 except to admit that Richardson entered into a *Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Financing Statement* dated June 5, 2018, and entered into a *First Amendment to Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Financing Statement,* dated June 6, 2018, and that these agreements speak for themselves, but further deny the Paragraph 58 contains a full and accurate statement of the contents thereof.

59.     Defendants admit that Paragraph 59 purports to cite the "Richardson Mortgage," admit that those agreements speak for themselves, but deny that Paragraph 59 contains a full and accurate statement of the contents thereof.

60.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 60, and therefore deny them.

61.     Defendants lack information sufficient to admit or deny the allegations of Paragraph 61, and therefore deny them.

62.     Defendants admit that Richardson and Celtic Bank entered into an Amended and Restated Loan Agreement dated December 30, 2019, admit that agreement speaks for itself, but deny that Paragraph 62 contains a full and accurate statement of the contents thereof.

63.     Defendants admit that Richardson executed an Amended and Restated Promissory Note dated December 30, 2019, admit that document speaks for itself, but deny that Paragraph 63 contains a full and accurate statement of the contents thereof.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants admit that Paragraph 65 purports to cite the Richardson Security Agreement, admit that agreement speaks for itself, but deny that Paragraph 65 contains a full and accurate statement of the contents thereof.

66.     Defendants admit that Holdco executed the Second Amended and Restated Pledge of Membership interest dated as of December 30, 2019, admit that document speaks for itself, but deny that Paragraph 66 contains a full and accurate statement of the contents thereof.

67.     Defendants admit that Richardson, Holdco, Celtic Bank and Firstar Development, LLC entered into the Amended and Restated Forbearance Agreement dated December 30, 2019,

admit that agreement speaks for itself, but deny that Paragraph 67 contains a full and accurate statement of the contents thereof.

68. Defendants admit that Celtic Bank is a Party to the Richardson Forbearance, that Celtic Bank made certain covenants and is subject to certain limitations under that agreement, and that the agreement speaks for itself, but deny that Paragraph 68 contains a full and accurate statement of the contents thereof.

69. Paragraph 69 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 69, and therefore deny them.

70. Paragraph 70 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 70, and therefore deny them.

71. Paragraph 71 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 71, and therefore deny them.

72. Paragraph 72 contains a legal conclusion to which no response is required; to the extent a response is required, deny.

73. Defendants admit that Paragraph 73 purports to cite to the Security Agreement, admit that agreements speaks for itself, but deny that Paragraph 73 contains a full and accurate statement of the contents thereof.

74.    Defendants admit that Holdco executed a Guaranty Agreement dated as of December 30, 2019, admit that agreement speaks for itself, but deny that Paragraph 74 contains a full and accurate statement of the contents thereof.

75.    Defendants admit that Paragraph 75 purports to cite to the Richardson Guaranty, admit that agreement speaks for itself, but deny that Paragraph 75 contains a full and accurate statement of the contents thereof.

76.    Paragraph 76 states a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 76, and therefore deny them.

77.    Defendants admit that to the best of their knowledge, the unpaid principal on the Richardson Note as of the date alleged was $2,905,750.09.  Defendants lack information sufficient to admit or deny the remaining allegations of Paragraph 77, and therefore deny them.

78.    Defendants admit that Paragraph 78 purports to cite the Richardson Note, admit that document speaks for itself, but deny that Paragraph 78 contains a full and accurate statement of the contents thereof.

79.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 79, and therefore deny them.

80.    Defendants admit the allegations of Paragraph 80.

81.    Defendants admit that Diamond entered into a Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Financing Statement dated June 5, 2018, admit that agreement speaks for itself, but deny that Paragraph 81 contains a full and accurate statement of the terms thereof.

82.     Defendants admit that Paragraph 82 purports to cite the Diamond Mortgage, admit that agreement speaks for itself, but deny that Paragraph 82 contains a full and accurate statement of the contents thereof.

83.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 83, and therefore deny them.

84.     Defendants admit that Diamond and Celtic Bank entered into an Amended and Restated Loan Agreement dated November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 84 contains a full and accurate statement of the contents thereof.

85.     Defendants admit that Diamond executed an Amended and Restated Promissory Note dated November 29, 2019, admit that document speaks for itself, but deny that Paragraph 85 contains a full and accurate statement of the contents thereof.

86.     Defendants deny the allegations of Paragraph 86.

87.     Defendants admit that Paragraph 87 purports to cite the Diamond Security Agreement, admit that agreement speaks for itself, but  deny that Paragraph 87 contains a full and accurate statement of the contents thereof.

88.     Defendants admit that Holdco executed the Second Amended and Restated Pledge of Membership Interest, dated as of November 29, 2019, admit that document speaks for itself, but deny that Paragraph 88 contains a full and accurate statement of the contents thereof.

89.     Defendants admit that Diamond, Holdco, Celtic Bank and Firstar Development, LLC, entered into the Amended and Restated Forbearance Agreement dated November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 89 contains a full and accurate statement of the contents thereof.

90.     Defendants admit that Celtic is a party to the Diamond Forbearance, that Celtic made certain covenants and is subject to certain limitations under that agreement, and that the agreement speaks for itself, but deny that Paragraph 90 contains a full and accurate statement of the contents thereof.

91.     Paragraph 91 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 91, and therefore deny them.

92.     Paragraph 92 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 92, and therefore deny them.

93.     Paragraph 93 sets forth a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 93, and therefore deny them.

94.     Paragraph 94 contains a legal conclusion to which no response is required; to the extent a response is required, deny.

95.     Paragraph 95 contains a legal conclusion to which no response is required; to the extent a response is required, deny.

96.     Defendants admit that Holdco executed a Guaranty Agreement dated as of November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 96 contains a full and accurate statement of the contents thereof.

97. Defendants admit that Paragraph 97 purports to cite to the Diamond Guaranty, admit that agreement speaks for itself, but deny that Paragraph 97 contains a full and accurate statement of the contents thereof.

98. Paragraph 98 states a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 98, and therefore deny them.

99. Defendants admit that to the best of their knowledge, the unpaid principal on the Diamond Note as of the date alleged was $5,693,019.32. Defendants lack information sufficient to admit or deny the remaining allegations of Paragraph 99, and therefore deny them.

100. Defendants admit that Paragraph 100 purports to cite the Diamond Note, admit that document speaks for itself, but deny that Paragraph 100 contains a full and accurate statement of the contents thereof.

101. Defendants lack sufficient information to admit or deny the allegations of Paragraph 101, and therefore deny them.

102. Defendants admit the allegations of Paragraph 102.

103. Defendants admit that Edison executed a Leasehold Construction Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Financing Statement dated June 5, 2018, admit that agreement speaks for itself, but deny that Paragraph 103 contains a full and accurate statement of the contents thereof.

104. Defendants admit that Paragraph 104 purports to cite the Edison Mortgage, admits that agreement speaks for itself, but deny that Paragraph 104 contains a full and accurate statement of the contents thereof.

105. Defendants lack information sufficient to admit or deny the allegations of Paragraph 105, and therefore deny them.

106. Defendants admit that Edison and Celtic Bank entered into an Amended and Restated Loan Agreement dated November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 106 contains a full and accurate statement of the contents thereof.

107. Defendants admit that Edison executed an Amended and Restated Promissory Note dated November 29, 2019, admit that document speaks for itself, but deny that Paragraph 107 contains a full and accurate statement of the contents thereof.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants admit that Paragraph 109 purports to cite the Edison Security Agreement, admit that agreement speaks for itself, but deny that Paragraph 109 contains a full and accurate statement of the contents thereof.

110. Defendants admit that Holdco executed the Second Amended and Restated Pledge of Membership Interest, dated as of November 29, 2019, admit that document speaks for itself, but deny that Paragraph 110 contains a full and accurate statement of the contents thereof.

111. Defendants admit that Edison, Holdco, Celtic Bank and Firstar Development, LLC entered into the Amended and Restated Forbearance Agreement dated November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 111 contains a full and accurate statement of the contents thereof.

112. Defendants admit that Celtic Bank is a party to the Edison Forbearance, that Celtic Bank made certain covenants and is subject to certain limitations under that agreement, and that

the agreement speaks for itself, but deny that Paragraph 112 contains a full and accurate statement of the contents thereof.

113. Paragraph 113 contains a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 113, and therefore deny them.

114. Paragraph 114 contains a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 114, and therefore deny them.

115. Paragraph 115 contains a legal conclusion as to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny the allegations of Paragraph 115, and therefore deny them.

116. Paragraph 116 contains a legal conclusion to which no response is required; to the extent a response is required, deny.

117. Defendants admit that Paragraph 117 purports to cite to the Edison Security Agreement, admit that agreement speaks for itself, but deny that Paragraph 117 contains a full and accurate statement of the contents thereof.

118. Defendants admit that Holdco executed a Guaranty Agreement dated as of November 29, 2019, admit that agreement speaks for itself, but deny that Paragraph 118 contains a full and accurate statement of the contents thereof.

119. Defendants admit that Paragraph 119 purports to cite to the Edison Guaranty, admit that agreement speaks for itself, but deny that Paragraph 119 contains a full and accurate statement of the contents thereof.

120.    Paragraph 120 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 120, and therefore deny them.

121.    Defendants admit that to the best of their knowledge, the unpaid principal on the Edison Note as of the date alleged was $3,531,391.48.  Defendants lack information sufficient to admit or deny the remaining allegations of Paragraph 121, and therefore deny them.

122.    Defendants admit that Paragraph 122 purports to cite the Edison Note, admit that document speaks for itself, but deny that Paragraph 122 contains a full and accurate statement of the contents thereof.

123.    Defendants lack knowledge sufficient to admit or deny the allegations of Paragraph 123, and therefore deny them.

124.    Paragraph 124 contains a legal conclusion as to which no response is required; to the extent a response is required, Defendants acknowledge that Blackville failed to make a payment when due, and deny the remaining allegations of Paragraph 124.

125.    Paragraph 125 contains a legal conclusion as to which no response is required; to the extent a response is required, the allegations of Paragraph 125 are denied.

126.    Defendants admit that Blackville failed to make a payment when due, and deny the remaining allegations of Paragraph 126.

127.    Defendants deny the allegations of Paragraph 127.

128.    Defendants deny the allegations of Paragraph 128.

129.    Defendants admit that there has been correspondence with Celtic Bank concerning Blackville and that they informed Celtic Bank in advance that there were circumstances that would

adversely affect Blackville's ability to make scheduled payments under the Blackville Note. Defendants deny that Paragraph 129 contains a full and accurate statement concerning the contents of that correspondence, and therefore they deny the remaining allegations of Paragraph 129.

130. Defendants deny the allegations of Paragraph 130.

131. Defendants deny the allegations of Paragraph 131.

132. Defendants deny the allegations of Paragraph 132.

133. Defendants admit that Celtic Bank sent certain correspondence to Blackville and Holdco dated December 15, 2023, and that the content of that correspondence speaks for itself. Defendants deny that Paragraph 133 contains a full and accurate statement of the contents of that correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 133 concerning notice provided to the Tax Equity Investor, and therefore deny them.

134. Defendants lack sufficient information to admit or deny the allegations of Paragraph 134 concerning the Tax Equity Investor, and therefore deny them. Defendants deny the remaining allegations of Paragraph 134.

135. Defendants admit that Celtic Bank sent certain correspondence to Blackville and Holdco dated December 15, 2023, and that the content of that correspondence speaks for itself. Defendants deny that Paragraph 135 contains a full and accurate statement of the contents of that correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 135 concerning notice provided to the Tax Equity Investor, and therefore deny them.

136. Defendants deny the allegations of Paragraph 136.

137. Defendants lack sufficient information to admit or deny the allegations of Paragraph 137, and therefore deny them.

138. Defendants deny the allegations of Paragraph 138, and further deny that any such report was provided to Blackville before this action was filed.

139. Paragraph 139 contains a legal conclusion as to which no response is required to the extent a response is required, Defendants acknowledge that Richardson failed to make a payment when due, and deny the remaining allegations of Paragraph 139.

140. Paragraph 140 contains a legal conclusion as to which no response is required; to the extent a response is required, the allegations of Paragraph 140 are denied.

141. Defendants acknowledge that Richardson failed to make a payment when due, and deny the remaining allegations of Paragraph 141.

142. Defendants deny the allegations of Paragraph 142.

143. Defendants deny the allegations of Paragraph 143.

144. Defendants admit that there has been correspondence with Celtic Bank concerning Richardson and that they informed Celtic Bank in advance that there were circumstances that would adversely impact Richardson's ability to make scheduled payments under the Blackville Note. Defendants deny that Paragraph 144 contains a full and accurate statement concerning the contents of that correspondence, and therefore deny the remaining allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145.

146. Defendants deny the allegations of Paragraph 146.

147. Defendants deny the allegations of Paragraph 147.

148. Defendants admit that Celtic Bank sent correspondence dated January 17, 2024 to Richardson and Holdco, and that the content of that correspondence speaks for itself. Defendants deny that Paragraph 148 contains a full and accurate statement of the contents of that

correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 148 with respect to the Tax Equity Investor, and therefore deny them.

149.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 149 concerning the Tax Equity Investor, and therefore deny them.  Defendants deny the remaining allegations of Paragraph 149.

150.    Defendants admit that Celtic Bank sent correspondence dated January 17, 2024 to Richardson and Holdco, and the content of that correspondence speaks for itself.  Defendants deny that Paragraph 150 contains a full and accurate statement of the contents of that correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 148 with respect to the Tax Equity Investor, and therefore deny them.

151.    Defendants deny the allegations of Paragraph 151.

152.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 152.

153.    Defendants deny the allegations of Paragraph 153, and further deny that such report was provided to Richardson before this action was filed.

154.    Paragraph 154 contains a legal conclusion as to which no response is required; to the extent a response is required, Defendants acknowledge that Richardson failed to make a payment when due, and deny the remaining allegations of Paragraph 154.

155.    Paragraph 155 contains a legal conclusion as to which no response is required; to the extent a response is required, the allegations of Paragraph 155 are denied.

156.    Defendants admit that Diamond failed to make a payment when due, and deny the remaining allegations of Paragraph 156.

157.    Defendants deny the allegations of Paragraph 157.

158.    Defendants deny the allegations of Paragraph 158.

159.    Defendants admit that there has been correspondence with Celtic Bank concerning Richardson and that they informed Celtic Bank in advance that there were circumstances that would adversely affect Diamond's ability to make scheduled payments under the Diamond Note. Defendants deny that Paragraph 159 contains a full and accurate statement concerning the contents of that correspondence, and therefore they deny the allegations of Paragraph 159.

160.    Defendants deny the allegations of Paragraph 160.

161.    Defendants deny the allegations of Paragraph 161.

162.    Defendants deny the allegations of Paragraph 162.

163.    Defendants admit that Celtic Bank sent correspondence dated December 15, 2023 to Richardson and Holdco, and that the content of that correspondence speaks for itself. Defendants deny that Paragraph 163 contains a full and accurate statement of the content of that correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 163 with respect to the Tax Equity Investor, and therefore deny them.

164.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 164 concerning the Tax Equity Investor, and therefore deny them.  Defendants deny the remaining allegations of Paragraph 164.

165.    Defendants admit that Celtic Bank sent correspondence dated December 15, 2023, to Richardson and Holdco, and that the content of that correspondence speaks for itself. Defendants deny that Paragraph 165 contains a full and accurate statement of the content of that

correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 165 with respect to the Tax Equity Investor, and therefore deny them.

166.     Defendants deny the allegations of Paragraph 166.

167.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 167, and therefore deny them.

168.     Defendants deny the allegations of Paragraph 168, and further deny that a copy of such report was provided to Diamond before this action was filed.

169.     Paragraph 169 contains a legal conclusion as to which no response is required; to the extent a response is required, Defendants acknowledge that Edison failed to make a payment when due, and deny the remaining allegations of Paragraph 169.

170.     Paragraph 170 contains a legal conclusion as to which no response is required; to the extent a response is required, the allegations of Paragraph 170 are denied.

171.     Defendants admit that Edison failed to make a payment when due, and deny the remaining allegations of Paragraph 171.

172.     Defendants deny the allegations of Paragraph 172.

173.     Defendants deny the allegations of Paragraph 173.

174.     Defendants admit that there has been correspondence with Celtic Bank concerning Edison and that they informed Celtic Bank in advance that there were circumstances that would adversely impact Edison's ability to make scheduled payments under the Edison Note.  Defendants deny that Paragraph 174 contains a full and accurate statement concerning the contents of that correspondence, and therefore deny the remaining allegations of Paragraph 174.

175.     Defendants deny the allegations of Paragraph 175.

176.    Defendants deny the allegations of Paragraph 176.

177.    Defendants deny the allegations of Paragraph 177.

178.    Defendants admit that Celtic Bank sent correspondence dated December 15, 2023 to Edison and Holdco, and that the content of that correspondence speaks for itself.  Defendants deny that Paragraph 178 contains a full and accurate statement of the contents of that correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 178 with respect to the Tax Equity Investor, and therefore deny them.

179.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 179 concerning the Tax Equity Investor, and therefore deny them.  Defendants deny the remaining allegations of Paragraph 179.

180.    Defendants admit that Celtic Bank sent correspondence dated December 15, 2023, to Edison and Holdco, and that the content of that correspondence speaks for itself.  Defendants deny that Paragraph 180 contains a full and accurate statement of the content of that correspondence; Defendants lack sufficient information to admit or deny the allegations of Paragraph 180 with respect to the Tax Equity Investor, and therefore deny them.

181.    Defendants deny the allegations of Paragraph 181.

182.    Defendants lack sufficient information to admit or deny the allegations of Paragraph 182.

183.    Defendants deny the allegations of Paragraph 183, and further deny that a copy of such report was provided to Edison before this action was filed.

184.   Paragraph 184 states a legal conclusion to which no response is required; to the extent a response is required, Defendants admit that Blackville, Richardson, Diamond and Edison each failed to make a payment when due, and deny the remaining allegations of Paragraph 184.

185.   Defendants deny the allegations of Paragraph 185.

186.   Defendants deny the allegations of Paragraph 186.

187.   Defendants deny the allegations of Paragraph 187.

188.   Defendants admit that Paragraph 188 purports to cite the Blackville Mortgage, the Richardson Mortgage, the Diamond Mortgage and the Edison Mortgage, admit that those agreements speak for themselves, but deny that Paragraph 188 contains a full and accurate statement of the contents of those agreements.

189.   Defendants admit that Paragraph 189 purports to cite the Blackville Mortgage, the Richardson Mortgage, the Diamond Mortgage and the Edison Mortgage, admit that those agreements speak for themselves, but deny that Paragraph 189 contains a full and accurate statement of the contents of those agreements.

190.   Defendants admit that Paragraph 190 purports to cite the Blackville Security Agreement, the Richardson Security Agreement, the Diamond Security Agreement and the Edison Security Agreement, admit that those agreements speak for themselves, but deny that Paragraph 190 contains a full and accurate statement of the contents of those agreements.

191.   Defendants admit that Paragraph 191 purports to cite the Blackville Pledge, the Richardson Pledge, the Diamond Pledge and the Edison Pledge, admit that those documents speak for themselves, but deny that Paragraph 191 contains a full and accurate statement of the contents thereof.

192.   Defendants admit that each of the Borrowers and Celtic Bank entered into an Amended and Restated Cash Management and Security Agreement, admit that those documents speak for themselves, but deny that Paragraph 192 contains a full and accurate statement of the terms thereof.

193.   Defendants admit that Paragraph 193 purports to cite the Cash Management Agreements, admit that those agreements speak for themselves, but deny that Paragraph 193 contains a full and accurate statement of the contents thereof.

194.   Defendants admit that each of the Borrowers executed an Amended and Restated Assignment of Contracts, Ancillary Documents and Other Rights, admit that those documents speak for themselves, but deny that Paragraph 194 contains a full and accurate statement of the contents thereof.

195.   Defendants admit that Paragraph 195 purports to cite the documents entitled Amended and Restated Assignment of Contracts, Ancillary Documents and Other Rights, admit that those documents speak for themselves, but deny that Paragraph 195 contains a full and accurate statement of the contents thereof.

196.   Defendants restate and incorporate herein their responses to each of Plaintiff's allegations set forth above.

197.   Paragraph 197 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 197 and deny that the Court should enter the requested judgment.

198.   Defendants restate and incorporate herein their responses to each of Plaintiff's allegations set forth above.

199.    Paragraph 199 sets forth a legal conclusion to which no response is required.  To the extent a response is required, deny.

200.    Paragraph 200 sets forth a legal conclusion to which no response is required.  To the extent a response is required, deny.

201.    Paragraph 201 sets forth a legal conclusion to which no response is required.  To the extent a response is required, deny.

202.    Paragraph 202 sets forth a legal conclusion to which no response is required.  To the extent a response is required, deny.

203.    Defendants deny the allegations of Paragraph 203.

204.    Paragraph 204 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants acknowledge that each of the Borrower Defendants failed to make a payment when due.  Defendants lack knowledge sufficient to admit or deny the remaining allegations of Paragraph 204, and on that basis deny them.

205.    Paragraph 205 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to judgment against the Defendants as asserted in Paragraph 205.

206.    Defendants restate and incorporate herein their responses to each of Plaintiff's allegations set forth above.

207.    Paragraph 207 sets forth a legal conclusion to which no response is required.

208.    Paragraph 208 sets forth a legal conclusion to which no response is required.

209.    Paragraph 209 sets forth a legal conclusion to which no response is required.

210.    Paragraph 210 sets forth a legal conclusion to which no response is required.

211.    Defendants deny the allegations of Paragraph 211.

212.    Defendants deny the allegations of Paragraph 212.

213.    Paragraph 213 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny the allegations of Paragraph 213, and therefore deny them.

214.    Paragraph 214 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 214.

215.    Paragraph 215 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny the allegations of Paragraph 215, and therefore deny them.

216.    Paragraph 216 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 216.

217.    Paragraph 217 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants lack information sufficient to admit or deny the allegations of Paragraph 217.

218.    Paragraph 218 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 218.

219.    Paragraph 219 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants lack information sufficient to admit or deny the allegations of Paragraph 219, and therefore deny them.

220.    Paragraph 220 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 220.

221. Paragraph 221 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to Judgment as asserted in Paragraph 221.

222. Paragraph 222 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to Judgment as asserted in Paragraph 222.

223. Paragraph 223 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to Judgment as asserted in Paragraph 223.

224. Paragraph 224 sets forth a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to Judgment as asserted in Paragraph 224.

225. Defendants restate and incorporate herein their responses to each of Plaintiff's allegations set forth above.

226. Paragraph 226 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to the appointment of a receiver.

227. Paragraph 227 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank has the contractual right claimed in Paragraph 227.

228. Paragraph 228 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that Celtic has the right claimed in Paragraph 228.

229.    Paragraph 229 contains a legal conclusion to which no response is required; to the extent a response is required, denied.

230.    Defendants admit that each Borrower Defendant failed to make a payment to Celtic Bank when due, and that, because Celtic Bank controls their revenues and disbursements, Defendants lack information sufficient to admit or deny the remaining allegations as to the Borrower Defendants.  Defendants deny the remaining allegations of Paragraph 230.

231.    Defendants deny the allegations of Paragraph 231.

232.    Defendants deny the allegations of Paragraph 232.

233.    Defendants deny the allegations of Paragraph 233.

234.    Defendants lack information sufficient to admit or deny the allegations of Paragraph 234, and therefore deny them.

235.    Paragraph 235 contains a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations of Paragraph 235 and deny that Celtic Bank is entitled to the Order and Judgment requested.

236.    Paragraph 236 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny that Celtic Bank is entitled to the appointment of a receiver, or to any other aspects of the relief requested in Paragraph 236.

237.    Defendants deny every allegation contained in the Second Amended Complaint that is not expressly admitted herein.

## THIRD DEFENSE

Celtic's claims fail, in whole or in part, due to the doctrine of prior breach—including without limitation Celtic's breaches of the Forbearance Agreements, the applicable loan documents, and the covenant of good faith and fair dealing.

## FOURTH DEFENSE

Celtic's claims, in whole or in part, are premature and fail due to the failure of a condition precedent—including without limitation the expiration of the Forbearance Period.

## FIFTH DEFENSE

Celtic's claims and the relief it seeks, in whole or in part, are barred, precluded or limited by the underlying loan documents—including without limitation the Forbearance Agreements.

## SIXTH DEFENSE

Celtic's Fourth Claim for Relief fails for the reasons provided in Defendants' Opposition to Motion for Immediate Appointment of Receiver, and all related documents and oral arguments made by Defendants.

## SEVENTH DEFENSE

Celtic's Fourth Cause of Action for appointment of a special receiver fails as a matter of law because receivership is a remedy, not a cause of action.

## EIGHTH DEFENSE

Celtic's claims fail, in whole or in part, due to the doctrines of waiver and/or estoppel.

## NINTH DEFENSE

Celtic's claims fail, in whole or in part, due to the doctrine of unclean hands and Celtic's own inequitable, unlawful, and improper conduct.

31

## TENTH DEFENSE

Celtic's claims fail, in whole or in part, due to the parol evidence rule.

## ELEVENTH DEFENSE

Celtic's recoverable damages are subject to offset by any and all amounts owed by Celtic to Defendants.

## TWELFTH DEFENSE

Celtic's recoverable damages are reduced by amounts it has already received and/or recouped as payments against amounts owed by Defendants.

## THIRTEENTH DEFENSE

Celtic's claims fail, in whole or in part, because it has not reasonably mitigated its damages.

## FOURTEENTH DEFENSE

Celtic's claims for damages fail, in whole or in part, due to lack of causation and/or lack of reasonable foreseeability.

## FIFTEENTH DEFENSE

Celtic's claims fail, in whole or in part, due to the impropriety of the foreclosure relief it seeks—including without limitation the payment of remaining funds into Court rather than disbursement to Defendants.

## SIXTEENTH DEFENSE

Celtic's claims fail, in whole or in part, due to the occurrence of a condition subsequent—including without limitation Defendants' rights to cure and/or satisfy outstanding amounts prior to a foreclosure sale.

## SEVENTEENTH DEFENSE

Defendants reserve the ability to raise statutory defenses available to them under applicable federal and state law.

## EIGHTEENTH DEFENSE

Celtic's claims fail, in whole or in part, because it has failed to join indispensable parties—including without limitation the Tax Equity Investor.

## NINETEENTH DEFENSE

Celtic's claims fail, in whole or in part, due to lack of contractual privity.

## TWENTIETH DEFENSE

Celtic's claims fail, in whole or in part, due to its election of incompatible remedies such that some of the relief it seeks is precluded.

## TWENTY FIRST DEFENSE

Celtic's claims fail, in whole or in part, because it has failed to meet its obligations under the Rural Energy for America Program regulations, 7 C.F.R. § 5001.515, which apply to Celtic and the loans in question.

## RESERVATION OF ADDITIONAL DEFENSES

There may be additional defenses which Defendants reserve the right to raise and rely upon, including after further investigation and/or discovery.

WHEREFORE, Defendants pray that Celtic's action be dismissed with prejudice, that it take nothing thereby, that Defendants be awarded their recoverable costs, reasonable attorney fees in accordance with the applicable loan documents and other contracts between the parties, and that the Court afford them such other and further relief as it deems proper.

33

Dated this 25th day of April, 2024.

/s/ *Thomas R. Barton*

Thomas R. Barton
Scott DuBois
PARSONS BEHLE & LATIMER

NORTON ROSE FULBRIGHT
Thomas J. McCormack
Robin Ball

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2024, I caused the foregoing **ANSWER TO SECOND AMENDED COMPLAINT** to be filed with the Court's e-filing system, which provides a copy of the same to the following:

> Matthew M. Boley
> George Hofmann
> Andrew W. Houlin
> COHNE KINGHORN, P.C.
> 111 East Broadway, 11th Floor
> Salt Lake City, UT 84111
> mboley@ck.law
> ghofmann@ck.law
> ahoulin@cklaw.com

*/s/ Thomas R. Barton*