IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CELTIC BANK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLACKVILLE SOLAR II, LLC; RICHARDSON SOLAR, LLC; DIAMOND SOLAR, LLC; EDISON SOLAR, LLC; and C2 USB 2018 HOLDINGS, LLC,<br><br>Defendants. | MEMORANDUM DECISION & ORDER DENYING [116] MOTION TO INTERVENE<br><br>Case No. 2:24-cv-00140-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Before the court is a Motion to Intervene (Motion) (ECF 116) filed by Intervenor NAES Corporation f/k/a Bay4 Energy LLC (Bay4) asking for an order to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. The court also considered the Receiver Michael M. Beal's (Receiver) Opposition to the Motion to Intervene (ECF 119), Plaintiff Celtic Bank Corporation's (Celtic Bank) Opposition to the Motion to Intervene (ECF 120), and Bay4's Reply (ECF 121). For the following reasons, the court DENIES the Motion.

Federal Rule of Civil Procedure 24(a), discussing "Intervention of Right," provides that,

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

While Rule 24(b), governing "Permissive Intervention," provides that

> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or

1

(B) has a claim or defense that shares with the main action a common question of law or fact.

No matter whether a party is proceeding under subsection (a) or (b), Rule 24(c) states that "[a] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." "The purpose of the rule is to provide information to the court and 'place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor.'" *S.E.C. v. Am. Pension Servs. Inc.*, No. 2:14-cv-00309-RJS, 2015 WL 248575, at *2 (D. Utah Jan. 20, 2015) (quoting *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D.Ala.1996)).

Here, there is no question that Bay4 did not comply with Rule 24(c), because it failed to provide, along with its Motion, "a pleading that sets out the claim or defense for which intervention is sought." The Receiver and Celtic Bank each argue that this alone is grounds for denying the Motion (ECF 119 at 2; ECF 120 at 7), and the court agrees.

Furthermore, Bay4 indicates that it is moving to intervene as matter of right under Rule 24(a), but such a motion should only be granted if Bay4 "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may . . . impair or impede the [Bay4's] ability to protect its interest[.]" Fed. R. Civ. P. 24(a)(2). The Receiver argues that Bay4's ability to protect its interest would not be impaired or impeded in any way by the resolution of this suit because there is an anticipated claims process that Bay4 may participate in (ECF 119 at 2).

As noted by the Tenth Circuit, "when a general receiver is appointed" over the property of "an individual or a corporation for the purpose of collecting and administering the property and

distributing it among all those entitled to receive it," there will typically come a time where creditors are directed to present their claims directly to the receiver. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 725 F.2d 584, 586 (10th Cir. 1984) (quoting Ralph Ewing Clark, A Treatise on the Law and Practice of Receivers, § 541(a), (3rd Ed.1959)). "Such a presentation of claims is not equal to an intervention or the bringing of a separate suit" but if the claim "is rejected in whole or in part by the receiver . . . then the claimant may apply to the court for adjudication of the claim." *Id.*

In this matter, Receiver has demonstrated that there are procedures in place, such as the one described above, whereby Bay4 may be able to protect their claimed interests. Given the availability of that additional process, the court cannot conclude that Bay4's interests would be impaired by this action. *See Am. Pension Servs.*, 2015 WL 248575, at *5. In other words, the court concludes that Bay4 has not provided sufficient evidence of impairment to justify intervention.[1]

For the aforementioned reasons, the court hereby orders that Bay4's Motion to Intervene is DENIED.

DATED this 25 February 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[1] Although the court has already found that Bay4 has not met the requirements of Rule 24 to justify intervention in this matter, the court also found persuasive the argument present by Celtic Bank that "[t]he Motion fails to demonstrate that the Court has jurisdiction over Bay4's claims" (ECF 120 at 4). As pointed out by Celtic Bank, this court has jurisdiction over their claims through diversity, and the court "made a special point of verifying the citizenship of each existing party early in the case" (*id.*). Because Bay4's Motion has made no mention of citizenship, its intervention could potentially destroy diversity thereby depriving this court of jurisdiction over these claims. This impact would not be insignificant to the parties' claims and could cause substantial prejudice to all parties involved, including Bay4, if this matter had to be remanded to the state court at this point in the proceedings.