Joseph M.R. Covey (7492) (jcovey@parrbrown.com)
Jeffery A. Balls (12437) (jballs@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone:  (801) 532-7840

*Attorneys for Michael M. Beal, Receiver*

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CELTIC BANK CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BLACKVILLE SOLAR II, LLC; RICHARDSON SOLAR, LLC; DIAMOND SOLAR, LLC; EDISON SOLAR, LLC; and C2 USB 2018 HOLDINGS, LLC,<br><br>Defendants. | DECLARATION OF MICHAEL M. BEAL IN SUPPORT OF SECOND REVISED MOTION TO INCUR DEBT AND GRANT "PRIMING LIENS"<br><br>Case No. 2:24-cv-00140-HCN-CMR<br><br>Honorable Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

I, Michael M. Beal, am an adult individual residing in Columbia, South Carolina.  I make this Declaration based on my personal knowledge and review of relevant documents maintained in the ordinary course of business.  I would so testify, if called upon in open court to do so, as follows:

1.      I am submitting this affidavit in my capacity as the court-appointed receiver for Blackville Solar II, LLC ("Blackville"), Richardson Solar, LLC ("Richardson"), Diamond Solar, LLC ("Diamond"), and Edison Solar, LLC ("Edison") (collectively, the "Defendants").

2.      I was appointed Receiver pursuant to that certain Findings, Conclusions, and Order Granting Plaintiffs Motion to Appoint a Receiver (Doc. 106) and Order Appointing Michael M. Beal as Receiver (Doc. 107) entered on August 14, 2024 (collectively, the "Receivership Order").

3.      Pursuant to the Receivership Order, I have possession and control over all assets and operations of the Defendants (the "Receivership Estate").

4.      As Receiver, I am responsible for managing and administering the Receivership Estate.

5.      I previously filed a Motion to Incur Debt on October 9, 2024.  *See* Docket No. 110.

6.      After I filed the Original Motion, Celtic Bank Corporation informed me that it wanted different language in the proposed order.

7.      Pursuant to paragraph 4(f) of the Receivership Order, subject to Court approval, I am authorized to use my best business judgment to incur debt for the use or benefit of the Receivership Estate and, with the consent of Celtic, grant liens that prime and supersede all existing liens and security interests against the Receivership Estate.

8.      At this time, the Defendants have funds in their bank accounts totaling approximately $435,000.  During the summer months, revenues generally exceed expenses, creating a surplus.

9.      I anticipate that revenues will decline dramatically for the next two months, resulting in substantial monthly deficits which will eliminate the surplus.

2

10. The Receivership Estate has recently paid several large expenses such as property taxes and insurance. In addition, I anticipate that the cost of necessary capital improvements will exceed $1,000,000.

11. Although the Defendants are still operating and continuing to generate revenues, they are operating at a significantly decreased capability due to maintenance, repairs, and improvements that have long been neglected.

12. It is my business judgment that the Receiver Loan is necessary to provide me with sufficient funds to continue operating the Defendants' facilities, to continue paying the Defendants' monthly operating expenses, and to begin and complete the much needed maintenance, repairs, and improvements that will increase the liquidation value of the Defendants' facilities and will result in the facilities operating at a much greater capacity and generating much greater revenue.

13. I have researched debt options on terms better than those offered by Celtic and have found no lenders willing to lend on terms better or similar to the terms offered by Celtic.

14. I have been unable to obtain unsecured credit and have been unable to obtain secured credit on terms acceptable to the Receiver secured only by liens that are junior in priority to the existing liens and security interests of Celtic under the existing Loan Documents.

15. I am unable to obtain secured credit without granting to Celtic the rights, remedies, privileges, benefits, and protections provided herein, including, without limitation, a first priority lien and security interest in all assets of the Receivership Estate.

16. I negotiated the terms of the Receiver Loan in good faith and at arm's length with Celtic. Pursuant to the Receivership Order, the Receiver Loan will be subject to the terms of the existing Forbearance Agreements, and Celtic will continue to be bound thereby.

17. I have reviewed lien searches conducted with regard to both the real property and personal property of the Receivership Estate. Those searches did not disclose any lien claimants against the Receivership Estate other than Celtic Bank. I am unaware of any creditors that have filed or recorded notices of lien or security interests against Receivership Estate.

18. In my business judgment, the terms of the Receivership Loan are fair, reasonable, and the best available under the circumstances, reflect the exercise of prudent business judgment, and are supported by reasonably equivalent value and consideration.

19. As a result, I have chosen to enter into the Receiver Loan with Celtic, which I believe is in the best interest of the Receivership Estate and the creditors.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 7th day of March, 2025.

/s/ *Michael M. Beal*
Michael M. Beal